**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHEILA LYNN GIANELLI,<br><br>               Plaintiff-Appellant,<br><br>   v.<br><br>HOME DEPOT, INC.,<br><br>               Defendant-Appellee. | No.   16-16512<br><br>D.C. No. 2:13-cv-01969-JAM-CKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted July 11, 2017[**]

Before:    CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Sheila Lynn Gianelli appeals pro se from the district court's summary judgment in her employment action alleging violations of Title VII and the California Fair Employment and Housing Act ("FEHA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Zetwick v. County of Yolo*, 850 F.3d

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

436, 440 (9th Cir. 2017).  We affirm.

The district court properly granted summary judgment on Gianelli's sex discrimination claims because Gianelli failed to raise a genuine dispute of material fact as to whether defendant's legitimate, non-discriminatory reasons for its adverse actions were pretextual.  *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1219-22 (9th Cir. 1998) (providing framework for analyzing discrimination claims under Title VII and FEHA, setting forth elements of such claims, and noting that circumstantial evidence of pretext must be specific and substantial).

The district court properly granted summary judgment on Gianelli's hostile work environment claims because Gianelli failed to raise a genuine dispute of material fact as to whether the alleged sexual harassment was sufficiently severe or pervasive to alter the conditions of her employment.  *See Zetwick*, 850 F.3d at 442 (elements of a hostile work environment claim under Title VII); *Lyle v. Warner Bros. Television Prods.*, 132 P.3d 211, 220 (Cal. 2006) (elements of a hostile work environment claim under FEHA); *see also Ariz. ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016) (discussing examples of conduct that create a triable dispute at summary judgment for hostile work environment claims).

The district court properly granted summary judgment on Gianelli's

16-16512

retaliation claims because Gianelli failed to raise a genuine dispute of material fact as to whether defendant's legitimate, non-retaliatory reasons for its adverse actions were pretextual. *See Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1284 (9th Cir. 2001) (providing framework for analyzing retaliation claims under Title VII and FEHA and setting forth elements of such claims).

The district court did not abuse its discretion by denying Gianelli's motion for reconsideration because Gianelli failed to establish grounds for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

**AFFIRMED.**